**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LEVON STOKES | : |
|     Plaintiff | : |
| v | :  Civil Action No. DKC-07-1640 |
| WARDEN | : |
|     Defendant | : |

o0o

## MEMORANDUM

On June 25, 2007, the court issued an order requiring Defendant to show cause why the injunctive relief sought by Plaintiff should not be granted. Paper No. 2. By the same order, Plaintiff was required to supplement his complaint within 30 days. *Id*. Plaintiff was forewarned that failure to supplement the complaint would result in dismissal. *Id*. He has filed nothing further in this case.

The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). Under *Blackwelder*, injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is by itself a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1992.)   In addition, the harm must be "neither remote nor speculative, but actual and

imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Defendant has filed a response to the Order to Show Cause explaining that Plaintiff was removed from protective custody status on May 4, 2007, but was put back on protective custody on June 27, 2007, when it became known Plaintiff had an enemy at the same institution. Paper No. 3 at p. 2. Defendant asserts Plaintiff named the new enemy on June 19, 2007. *Id*. Currently, Plaintiff is assigned to protective custody and there is no indication that he will be placed in general population. In short, there is no likelihood of irreparable harm and Plaintiff is not entitled to injunctive relief.

In light of the information provided by Defendant and in light of Plaintiff's failure to supplement the Complaint, the case shall be dismissed without prejudice by separate order which follows.

___8/8/07_____                           _____/s/_____
Date                                          DEBORAH K. CHASANOW
                                              United States District Judge